*329
Et

per curiam

The jmlirial proceedings of this country have never recognized I be law of outlawry previous to the Revolution, and therefore that part of the law of England cannot be considered to be in force here at this day. The wordq of the act are, that all such statutes, and such parts of me common law as Were here before in force and use within this territory, &r. and so much of the said statutes, common law, &c. as are not destructive of, repugnant to, or inconsistent with the freedom and independence of this State, and the form of govern-nient therein established, and which have not been otherwise provided for, &c. are hereby declared to be in full force — but tiiis part of the common law having never been used here before the Revolution, cannot within the terms of this act, be now received here as law — though there is nothing in the constitution to repel such a law, should the Legislature think ¡¡roper to establish it — on the contrary, the constitution admits ¡he possibility of outlawing a citizen. 12fh sec. of the Declaration of Rights — No man shall be outlawed but by the, law of ihe land. This implies be may be outlawed survato juris ordine. But although it man may not be outlawed here, yet there is the same reason in certain! circumstances for allowing the Plaintiff to proceed against one of two Defendants in court, where the other cannot be taken, as if it were the practice to outlaw tin absent Defendant. The true reason why in England affer outlawry the law allows a proceeding against tin- Defendant who is taken, is not. because the property of ‘he other is forfeited, blit because lex nemini coget ad • impnssibilia. It requites both to he sued if possible, that botii may bt\ar their* e-qnal burthen of the contract tiny have jointly undertaken to perform. If is for the benefi1 of the Defendant who is in court and amenable, that this is required. When it appears to the court, however, to be impossible for Die Plaintiff to bring both into court, the law will no> longer require this of him ; for tiiai would be to require an impossibility, and to defeat the Plaintiff of his jimt demand. APhough from the nature of the contract each Defendant was answerable in solidum, tiiis would be unjust; and the law does not require it after it hath become evident that the Plaintiff cannot arrest both. 1“ England this iinpo'-sibility is evidenced by the outlaw.y. t>«* utmost process that ti.se law knows, and the Plaintiff hath in his *330 power to use. So in this country the law will require the Plaintiff to proceed against both upon a,joint undertaking, that both may be contributory to the performance of this joint contract, until the Plaintiff hath procured legal evidence that it is out of his power to enforce the attendance of some one of them or more : and by analogy, this should seem to be effected here by the last process that the law has provided, thepluries, or the attache ment, &c. Though this is a point not expressly decided in this State since the Revolution, yet the constant opinion and practice of the bar hat.!» been, &c. and it seems extremely reasonable, otherwise one. Defendant by withdrawing himself, might forever prevent a recovery against his co-defendant. This would be a serious mischief indeed. Many Defendants would avail' themselves of it immediately. Our vicinity to other States, would make it the easiest matter in the world to be practised ; and a decision of that kind would occasion the loss of many just debts and demands. If it were necessary in order to support. this opinion to shew that this is such a case as an outlawry would lie in supposing itto have happened in England, it is sufficient to say, that if is totally immaterial whether the outlawry would be erroneous or not, for the reasons mentioned by the Defendant’s counsel, or fur any other reasons, an erroneous outlawry remains good till reversed by the party ; and before ho can be admitted to have his writ of error, he must appear and put in bail to the suit. L. Ray. 349. 2 Salk. 496 — and then the purposes of the Plaintiff’s proceeding to outlawry are satisfied. But there is no necessity to resort to.this consideration — the. Plaintiff here, has used the utmost process that the law allows him, he has therefore done every thing in his power which the Jaw required of him, and he must now be suffered to proceed against the other Defendant; otherwise, he would be without any remedy. This would he to carry the rule in favor of the Defendant much further than the reason of the rule vvili allow of. If. never meant to deprive the Plaintiff of his debt when both could not be taken, but only to prevent him from proceeding against one only when both might be taken. Accordingly, there was judgment for the Plaintiff.
Note — Vide Anonymous, 2 Hay. 70. Where one Defendant is taken, and ,n alias and plwries against the. other Defendant, returned “ n t found,” the Defendant taken, shall be allowed to plead o the action, and to. Plaintiff so >il come to issue as to him. Price v. Scales & Lockhart, 2 Murphey 199.